[No. 7432.]

## The People v. Godding.

1.  CRIMINAL LAW—*Felony or Misdemeanor.*  Any offense which may be punished by imprisonment in the penitentiary, is, under sec. 4 of art. XVIII of the constitution, a felony.  That the offense may be visited alternatively, by imprisonment or fine, does not change the rule.  The offense prescribed by Rev. Stat. sec. 345, is a felony.

2.  WORDS AND PHRASES—Punishable, as used in sec. 4, art. XVIII of the constitution, is identical in meaning with "liable to punishment."

3.  STATUTES—*Construction—Statutes Adopted from Another State,* but enacted in a form more nearly resembling the statutes of still other states, the interpretation of the courts of such other states should govern, especially when the opinion of the court of the state from which the statute was taken stands practically alone.

4.  CONSTITUTIONAL LAW—*Felony*—The phrase "and none other," in sec 4, art. XVIII of the constitution, means "no other offense." The phrase "punishable by imprisonment" imports "liable to punishment."  Every offense which may be punished by death or imprisonment in the penitentiary is a felony, even though in the discretion of the court a lesser penalty may be inflicted.  And though the legislature may expressly denominate the offense a high misdemeanor, or the like, it is still in law felony, the legislature having no power to depart from the constitutional classification.

*Error to Otero District Court.*—Hon. J. E. RIZER, Judge.

Mr. JOHN W. DAVIDSON, District Attorney, and Mr. A. B. WALLIS, Deputy District Attorney, for the people.

Messrs. GLENN & GOBIN and Mr. JOHN H. VOORHEES, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

The information for consideration is laid under section 81 of an act in relation to banks and banking, being section 345 of Revised Statutes of 1908, as follows:

"If any banker or any president, director, manager, cashier, or other officer, or any agent, clerk or. employe, of any banker, bank or banking institution, doing business in this state, shall receive or assent to the reception of any deposit of money or other valuable thing by such banker or in such bank or banking institution, or if any such banker, officer or agent, shall create or assent to the creation of any debts or indebtedness by such banker, bank or banking institution, in consideration or by reason of which indebtedness any money or other valuable property shall be received by such banker, or into such bank or banking institution, after he shall have had knowledge of the fact that such banker, bank or banking institution is insolvent, he shall upon conviction thereof be punished by a fine not exceeding five thousand dollars, or by imprisonment in the penitentiary not exceeding five years, or by both such fine and imprisonment, in the discretion of the court."

It was filed June 27th, 1910, and charges that the offense was committed on the 17th day of December, 1907. Defendant filed a motion to quash on the ground that the offense charged is shown on the face of the information to have been committed, if at all, more than eighteen months before the prosecution was begun and is therefore barred by limitation. Section 1949, Revised Statutes of 1908, is as follows:

"No person or persons shall be prosecuted, tried or punished for any offense denominated a felony as de-

fined by the constitution of the state of Colorado (murder, arson and forgery excepted), unless the indictment for the same shall be found by a grand jury, or unless the information or complaint for the same shall have been filed within three years next after the offense shall have been done or committed; nor shall any person be prosecuted, tried or punished, for any misdemeanor or other indictable offense below the grade of felony, or for any fine or forfeiture under any penal statute, unless the indictment, information or complaint, or action for the same, shall be found or instituted within one year and six months from the time of the committing of the offense or incurring the fine or forfeiture;"

The issue is whether the offense charged is a felony, as contended by the state, with the period of limitation fixed at three years, or whether it is a misdemeanor, as contended by the defendant in error, where the period of limitation is one year and six months. The court below held it to be a misdemeanor and that the action was barred, sustained the motion to quash, and discharged the defendant. The people bring the case here to have it determined whether the above statute creates an offense which is a felony under the law.

The people contend that because of the punishment prescribed, the offense was and is a felony. They rely, to support this contention, upon section 4, article 18, of the constitution, which is as follows:

"The term felony, wherever it may occur in this constitution, or the laws of the state, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other."

If the offense is a felony the trial court was wrong in quashing the information and entering a judgment discharging the defendant, and the same must be reversed; if it is a misdemeanor, then the judgment is right and should be affirmed.

As we understand the contentions of counsel for defendant in error, they are: First. That section 4 of article 18 neither creates nor defines a felony, but is merely a rule of construction of the word "felony" wherever it is found, either in the constitution or the statutes. Second. That the word "punishable" should be strictly construed and held to mean *absolutely so punishable,* and since section 245, *supra,* provides for a fine or imprisonment in the penitentiary, the offense is thereby reduced from the grade of felony to that of misdemeanor. And, Third. That the words "and none other" limit the definition of the term, where used in the constitution, exclusively to the two modes of punishment, and since the statute provides for alternative punishment, fine or penitentiary imprisonment, in the discretion of the court, the offense is but a misdemeanor, to conform to the lower penalty that might be imposed.

However persuasive and forceful the argument may be on the proposition that this section neither creates nor defines a felony, we are nevertheless unable to accept the conclusion, in view of the decisions of this court, the first of which was rendered more than twenty-five years ago, directly and specifically holding the contrary.

*In re Lowrie,* 8 Colo. 499, at page 501, [9 Pac. 490, 54 Am. Rep. 558], the court speaking to this proposition said:

"The statutory punishment for the offense of which the petitioner was convicted, grand larceny, is confinement in the penitentiary for a term not less than one nor more than ten years. The petitioner was, therefore, convicted of a felony, as the term is defined by section 4, article 18, of the constitution, which is: 'The term "felony," wherever it may occur in this constitution, or by the laws of this state, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other.'"

In *City of Greeley v. Hamman,* 12 Colo. 94, on page 95, [20 Pac. 2], the court says:

" 'A crime or misdemeanor consists in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention or criminal negligence.' Since felonies are defined in the constitution to be offenses punishable by death or imprisonment in the penitentiary, it follows that, under the foregoing statute, misdemeanors are violations of the public laws not thus punishable."

In *Brooks v. The People,* 14 Colo. 413, on page 414, [24 Pac. 553], the following was said:

"And under our constitution the test by which to determine whether an offense less than capital shall be deemed a felony or a misdemeanor is made to depend upon whether the same is punishable by imprisonment in the penitentiary or in the county jail."

In *Williams v. The People,* 26 Colo. 272, on page 275, [57 Pac. 702], the court said:

"Under our constitution, article 18, section 4, a felony is any criminal offense punishable by death or imprisonment in the penitentiary; and an act that is done feloniously is one that is done with a more or less deliberate purpose or intent to commit a crime of the nature of a felony."

From the foregoing it is manifest that this court has expressly recognized this section as a definition of the term felony, and that the test by which to determine whether an offense is a felony is by the punishment prescribed. No sufficient fact, reason or argument has been advanced why the rule already announced in this respect should be overturned, nor have we the slightest inclination to do so.

To the further contention, that the term "punishable" as used in this section should be construed to mean *absolutely thus punishable,* and that where a stat-

ute prescribes an alternative penalty, of fine or penitentiary imprisonment, in the discretion of the court, then the offense is a misdemeanor, we have only to say that it is against the overwhelming weight of authority. In Encyclopedia of Law, 2nd ed., Vol. 8, page 281, it is said:

"By statute it is provided in many of the United States that all offenses which are punishable by death or imprisonment in the state prison are felonies. Under such a provision it is the liability to punishment upon conviction, rather than the actual punishment inflicted, which makes a crime a felony, so that the grade of the offense is not reduced because the statute gives the court a discretion to impose a less punishment."

In Cyc., Vol. 12, page 132, the text is:

"In many states by statute all crimes which are punishable in the state prison or penitentiary, with or without hard labor, are felonies. A crime is a felony under such a statute, if it may be punished by imprisonment in a state's prison, although the court or jury may in its discretion reduce the punishment to imprisonment in jail or fine, and although such punishment is in fact imposed."

In Bishop's New Criminal Law, Vol. 1, Sec. 618, it is said:

"In a considerable number of our states, statutes have defined felonies to be all offenses which are punishable either by death, or by imprisonment in the state prison. In minor particulars these statutes differ. If by the statutory terms the court or jury is at liberty to inflict some milder punishment instead of imprisonment or death, the offense is still a felony; it suffices that the heavier punishment *may* be imposed."

The text above quoted is supported by cases almost without number, from many states, including New York, Georgia, Virginia, West Virginia, Florida, Maine, California, Missouri, Michigan, Kansas and others. While

it is true that there is some difference of phraseology in the several statutes, which have been considered by various courts, defining felony, some using the expressing "liable to be punished" or "may be punished" instead of the expression of our constitution, which is "punishable by," still no one has ever doubted that the effect and intent is practically the same. In Florida, Maine, Virginia, California, West Virginia and some other states, the statutory or code provisions use the expression "punishable by," as here, and the courts of those states have held that expression to mean those offenses which may be or are liable to be thus punished and not those which must be so punished. The text in 32 Cyc., page 1262, defines punishable as "liable to punishment; deserving of or liable to punishment, which may be, not only which must be, punished," and cites many authorities in support of the definition.

It is clear from the decisions of the courts, as well as from Bishop on Criminal Law, that the expression "punishable by" is identical in meaning with "liable to punishment" or "which may be punished," or other similar expressions, and that the maximum penalty governs in fixing the grade of the offense; and that the offense is still a felony, if punishable by death or imprisonment in the penitentiary, even though the court or jury may in its discretion impose a lesser penalty.

It is contended by counsel for defendant in error that the decisions referred to come from states which have statutes declaring either what a felony is or what offenses constitute felonies or misdemeanors, and that Colorado has no such classification. This view was held by the trial judge. We are of opinion that the section of our constitution under consideration not only defines a felony, but is, so far as it goes, a classification of crimes on the basis of punishment, placing all offenses which may be punished by death or imprisonment in the peni-

tentiary under the head of felonies. It is doubtless for this reason that the general assembly has made no further classification. We do not hesitate to say that notwithstanding the fact that the legislature may have prescribed for certain offenses punishment in the penitentiary, and denominated them high misdemeanors, such offenses are in fact felonies. It was beyond the power of the legislature, in view of this constitutional provision, to legally otherwise denominate them. Undoubtedly another purpose of the section is to inhibit the legislature from designating any offense a felony which had for its penalty a less punishment than imprisonment in the penitentiary.

In *Lamkin et al. v. The People,* 94 Ill. 501, the supreme court of that state held, under a limitation statute, quite similar to ours, and from which ours was probably taken, that where the punishment prescribed for the offense might be either imprisonment in the state penitentiary or some lesser punishment, the statute of limitations applicable to offenses punishable by such lighter grade of punishment determined the period within which the prosecution must be brought and that in such a case the prosecution should be initiated within eighteen months, and if brought later a motion to quash would be sustained. It was there held that the word "punishable" must be construed to mean *absolutely so punishable.* That decision was followed in the case of *Baits v. The People,* 123 Ill. 428, 16 N. E., 483. But those two cases stand alone and are in conflict with the great weight of authority. In many of the cases holding the contrary view, the case of *Lamkin v. The People, supra,* is referred to as the only one to maintain an opposite doctrine. While it is true that the construction placed upon the statute by the supreme court of the state from which it is taken will ordinarily be followed by the supreme court of the state borrowing it, when the lat-

ter state has no decision on the subject, still in case the statute has been changed from that of the state from which it comes, and has been enacted in a form more closely resembling the statutes of other states on the subject, the construction given by such other states should govern, especially when the decision of the state from which the statute is taken stands practically alone in its interpretation thereof. We do not agree with the conclusion of the Illinois supreme court on this proposition, and prefer to follow the contrary view announced in many other states, because, as we conclude, it is supported by the sounder and more satisfactory reasoning.

As to the third contention of counsel, that the words "and none other" in this section limit the definition of the term felony, where used in the statutes, exclusively to two modes of punishment, either by death or imprisonment in the penitentiary, it is sufficient to say that according to every rule of construction, grammatical and otherwise, there can be but one interpretation put upon these words, and that is that they relate to the word *offense* and not to the character or mode of punishment. The words "and none other" mean *and no other offense*. So that the true reading of section 4, article 18, should be thus:

The term felony, wherever it may occur in this constitution, or the laws of the state, shall be construed to mean any offense, and no other, the penalty for which shall be death or imprisonment in the state penitentiary.

If the construction contended for by defendant in error is the correct one, this section should read:

The term felony, wherever it may occur in this constitution or the laws of the state, shall be construed to mean any offense the penalty for which shall be death or imprisonment in the state penitentiary, and not otherwise.

Had the constitutional convention intended it to so

read, how simple and natural it would have been to have thus stated it. The expression "and none other," as used in the section, is a pronominal adjective phrase modifying *offense,* and can modify nothing else. To support the contention of defendant in error it must be held that the words "and none other" either qualify the participial adjective *punishable,* which would violate all rules of grammatical construction and all usage of language, or relate to the adverbial phrase "punishable by death or imprisonment in the penitentiary." The only words which express an adverbial meaning and can refer to the method of punishment, that could properly take the place in the section that the words "and none other" occupy, are the words *and not otherwise,* and such substitution would be permissible and proper only on the theory that "and none other" and *not otherwise* mean the same thing. No one will say that that is true. Indeed, it is not only not true, it is impossible for it to be so. The words "and none other" stand in lieu of *no other offense;* the word *offense* is omitted to avoid repetition and to simplify the statement. The word "other," as thus used, has both an adjective and pronominal sense, and can modify or relate to nothing but the noun *offense.*

It is therefore manifest that this section means that every offense which may be punished by death or imprisonment in the state penitentiary is a felony, even though, on conviction, in the discretion of the court, in a proper case, a lighter penalty might be inflicted.

The judgment of the district court is reversed and the cause remanded, with directions to the court to reinstate it, overrule the motion to quash the information, and proceed in conformity with law.

Decision en banc.

Mr. Justice White not participating.

Decided November 3, A. D. 1913. Rehearing denied December 1, A. D. 1913.