No. 23501.

ALBERT JOHNSON *v.* THE PEOPLE OF THE STATE OF COLORADO.
(482 P.2d 105)

Decided March 15, 1971.

ROLLIE R. ROGERS, State Public Defender, TRUMAN E. COLES, Assistant, EARL S. WYLDER, Deputy, EDWARD H. SHERMAN, Public Defender, EDWARD L. KIRKWOOD, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

DEFENDANT Johnson alleged, in his motion under Crim. P. 35 (b), that the trial court had exceeded its jurisdiction when it sentenced him to more than fourteen years on the charge of robbery. The trial court summarily denied the motion on the ground that this matter should have been raised on writ of error and is "... not subject to review ..." under Crim. P. 35 (b).

Defendant Johnson, and one Charles Wesley Ray, were convicted in 1959 of "aggravated robbery" after trial to a jury. They appealed their convictions by writ of error.

Defendant Johnson did not assign as error this matter of his sentence (eighty years to life). Both convictions were affirmed by this court in *Ray v. People,* 147 Colo. 587, 364 P.2d 578.

■ The trial court was incorrect in its statement that an issue involving the jurisdiction of a trial court to impose a certain sentence is not subject to review under Crim. P. 35(b). Nevertheless, there is ample reason, as shown from the record before us on this writ of error, to sustain the trial court's denial of this motion. We therefore affirm the judgment.

Defendant Johnson on this writ of error contends that the trial court erred in denying his 35(b) motion which requested that the judgment and sentence of eighty years to life be vacated and that he be resentenced to a term of not more than fourteen years. In his 35(b) motion and in his brief here, the defendant maintains that the verdict of the jury finding him guilty of "aggravated robbery," must be legally interpreted as a verdict of guilty to simple robbery which is punishable "for a term of not less than one nor more than fourteen years." C.R.S. 1963, 40-5-1. This statute also provides that under certain conditions the offense of robbery is punishable "for a term of not less than two years or for life." This statute specifies that the increased punishment shall be imposed if it is proven that in the perpetration of the robbery either the defendant or an accomplice is armed with a dangerous weapon and has the intent, if resisted, to kill, maim or wound another person.

■ Defendant argues that the word "aggravated" in front of the word "robbery" in the jury's verdict is mere surplusage, and therefore, the trial court could not under this verdict impose the increased sentence. The defendant also contends that before a trial court may impose any sentence in excess of fourteen years, a verdict must specifically state that the defendant is guilty of robbery and that in the perpetration of this robbery, the defendant had the intent, if resisted, to

maim, wound, or kill the victim or other person. Such specificity is not essential if the verdict is otherwise phrased in words which convey beyond a reasonable doubt the meaning and intention of the jury. *Yeager v. People* 170 Colo. 405, 462 P.2d 487.

■ The jury's verdict in this case meets this test. Its wording clearly reflects the jury's intention to find the defendant guilty of robbery with the specific intent, if resisted, to maim, wound, or kill another person. The verdict states that defendant is found guilty of "aggravated robbery as charged in the information herein." The information charged the defendant and Ray with the robbery of one Frank W. Smith and that they ". . . were then and there armed with a dangerous weapon, with intent, if resisted, to maim, wound or kill Frank W. Smith, or any other person; . . ."

■ It has been generally accepted with reference to the robbery statute, C.R.S. 1963, 40-5-1, that the term "aggravated robbery" means a robbery committed with a dangerous weapon and with the intent, if resisted, to kill, maim, or wound the victim or other person. When this term is used with a specific reference to an information which describes in detail the more serious robbery involving the increased punishment, there remains no basis for the argument that the verdict found the defendant guilty of only simple robbery.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.