The PEOPLE of the State of Colorado, Plaintiff-Appellant and Cross-Appellee,

v.

Ledora GREEN, a/k/a Ledora Stewart, Defendant-Appellee and Cross-Appellant.

The PEOPLE of the State of Colorado, Plaintiff-Appellant and Cross-Appellee,

v.

Daniel R. GONZALES, Defendant-Appellee and Cross-Appellant.

The PEOPLE of the State of Colorado, Plaintiff-Appellant and Cross-Appellee,

v.

Clifton W. PAIGE, Defendant-Appellee and Cross-Appellant.

Nos. 85SA279, 85SA305 and 85SA306.

Supreme Court of Colorado, En Banc.

March 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellant and cross-appellee.

David F. Vela, Colorado State Public Defender Barbara S. Blackman, Chief Appellate Deputy Defender, Denver, for defendants-appellees and cross-appellants.

QUINN, Chief Justice.

These consolidated appeals, filed by the People on a question of law, raise the issue of whether a district court may sentence an adult offender twenty-one years of age or older to the department of corrections for a misdemeanor conviction when the misdemeanor sentence is made expressly consecutive to a previously imposed sentence for a felony conviction.[1] We conclude that Colorado's sentencing scheme does not authorize a court to sentence such an adult of-

1. Section 16-12-102(1), 8A C.R.S. (1986), authorizes the prosecution to appeal "any decision of the trial court in a criminal case upon any question of law."

fender to the department of corrections for a misdemeanor conviction unless the defendant has already been sentenced to the department for a felony and the misdemeanor sentence is made expressly concurrent with the felony sentence. We accordingly reverse the sentences and remand for further proceedings.

## I.

The defendants, Ledora Green, Daniel R. Gonzales, and Clifton W. Paige, were separately charged and convicted of misdemeanor offenses and were sentenced by the Denver District Court to the department of corrections to terms of imprisonment consecutive to previously imposed felony sentences. The defendant Green, who was thirty-three years of age, entered a guilty plea on March 12, 1984, to the charge of issuing a false financial statement, in violation of section 18-5-209, 8B C.R.S. (1986), a class 2 misdemeanor. On May 4, 1984, the district court sentenced her to the department of corrections for a term of six months, plus one year of parole, to be served consecutively to a previously existing felony sentence for second degree assault, § 18-3-203, 8B C.R.S. (1986), a class 4 felony. The defendant Gonzales, then thirty-nine years of age, entered a guilty plea on June 15, 1984, to criminal possession of a second degree forged instrument, § 18-5-106, 8B C.R.S. (1986), a class 1 misdemeanor. He was sentenced on November 14, 1984, to the department of corrections for a term of twenty-four months, to be served consecutively to previously existing felony sentences for felony theft. The defendant Paige, who was then twenty-six years old, entered a guilty plea on September 18, 1984, to possession of more than one ounce but less than eight ounces of marijuana, § 18-18-106(4)(a)(I), 8B C.R.S. (1986), a class one misdemeanor. He was sentenced on October 31, 1984, to seven months in the custody of the depart- ment of corrections, to be served consecutively to a previously existing felony sentence for theft, § 18-4-401, 8B C.R.S. (1986), and conspiracy to commit theft, § 18-2-201, 8B C.R.S. (1986).[2]

After the imposition of sentences, the People filed motions to correct the sentences pursuant to Crim.P. 35(a). The People's motions alleged that the district court had no authority to sentence an adult misdemeanor offender to the department of corrections unless the sentence was concurrent with a previously imposed felony sentence. The People accordingly requested the district court to amend the mittimus in each case by ordering that the misdemeanor sentence be served in the Denver county jail rather than in a facility under the control of the department of corrections. The defendants, who were represented by the public defender's office in all three cases, joined the People's motion, but suggested that the appropriate remedy was to order that the misdemeanor sentences be served concurrently with the felony sentences.

The district court denied the motions, ruling that section 18-1-106, 8B C.R.S. (1986), precluded the confinement of the defendants in the correctional facilities at Canon City but permitted their confinement at any other correctional facility under the control of the department of corrections. It was the court's view that requiring the defendants to complete their felony sentences in a correctional facility under the department of corrections and then to serve their misdemeanor sentences in the county jail would be "terribly dysfunctional," particularly in light of the lack of rehabilitation programs at the county jail, the disparity in calculating good time between the two correctional systems, and the effect of a misdemeanor detainer on parole eligibility.

Subsequent to the court's ruling, the defendants filed motions to amend the misdemeanor sentences so as to make them con-

---

**2.** The case of *People v. Ham,* 86SA177, was originally consolidated with these cases for the purposes of appeal. Because, however, the appeal in *Ham* was filed only by the department of corrections, which was not a party to the case originally but attempted to intervene in connec- tion with a postconviction motion to correct an allegedly illegal sentence, the *Ham* case raises an issue that is best dealt with in a separate opinion which we announce today. 734 P.2d 623 (Colo.1987).

current with the prior felony sentences. The district court denied the motion because the misdemeanor sentences were for offenses unrelated to the previously imposed felony sentences.

The People then filed these appeals, and the defendants cross-appealed. The People and the defendants agree that the consecutive sentences imposed in these cases are illegal. The People urge us to reverse the sentences and to remand the cases for resentencing in accordance with applicable law, while the defendants request relief in the form of a remand for the imposition of concurrent sentences on the misdemeanor conviction.

## II.

Long-standing principles of Colorado law relating to sentencing, as well as the text and structure of Colorado's present sentencing scheme, provide the framework for our resolution of this case.

### A.

Article XVIII, section 4 of the Colorado Constitution, adopted in 1876, states that "[t]he term felony, whenever it may occur in this constitution, or the laws of the state, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other." Over a hundred years ago this court observed that Colorado's constitutional definition of a felony reflects the view that a penitentiary sentence is a more severe form of punishment than confinement in the county jail and thus should be restricted to the graver forms of criminal conduct, with the county jail being utilized for the less serious offenses. *Brooks v. People*, 14 Colo. 413, 414, 24 P. 553, 553 (1880).

The determinative consideration in classifying an offense as a felony or misdemeanor has not been whether the offense necessarily requires a sentence to the penitentiary but rather whether the crime *can* result in such a sentence. The constitutional definition of a felony simply means that "every

offense which may be punished by death or imprisonment in the state penitentiary is a felony, even though, on conviction, in the discretion of the court, in a proper case, a lighter penalty might be inflicted." *People v. Godding*, 55 Colo. 579, 588, 136 P. 1011, 1014 (1913). Colorado case law thus has consistently held that a crime carrying a possible penitentiary sentence is a felony while a crime punishable by fine or imprisonment in the county jail is a misdemeanor, *e.g., People v. Enlow*, 135 Colo. 249, 263, 310 P.2d 539, 546–47 (1957); *Eckhardt v. People*, 126 Colo. 18, 26, 247 P.2d 673, 677 (1952); *Godding*, 55 Colo. at 583–86, 136 P. at 1012–13; *Brooks*, 14 Colo. at 414, 24 P. at 553, with the result that a court could not sentence a misdemeanor offender to a state penal institution unless such sentence was expressly authorized by statute. *Bustamante v. People*, 133 Colo. 497, 501–02, 297 P.2d 538, 541 (1956); *see also Brooks*, 14 Colo. at 415, 24 P. at 553.

Colorado originally maintained only one penal institution, which was the penitentiary located at Canon City, ch. LXXVII, sec. 2015, 1877 Colo.Gen.Laws 684, 686, and required each county with a population of more than 2,000 to establish and maintain an adequate jail, ch. LI, sec. 1388, 1877 Colo. Gen.Laws 518, 518. In 1899 the legislature, recognizing the need for a correctional institution more tailored to the needs of youthful offenders, established a state reformatory at Buena Vista for male persons between the ages of sixteen and thirty who were convicted of a felony or were convicted of a misdemeanor punishable by a term of imprisonment of not less than ninety days. S.B. 169, sec. 14, 1889 Colo. Sess.Laws 418, 420–21.[3] Since a sentence to the reformatory was designed not only for punishment but also for "reformation," S.B. 169, sec. 1, 1889 Colo.Sess.Laws at 418, reformatory sentences were not fixed or limited in duration, although they could not exceed the maximum term of imprisonment applicable to the crime for which the offender was convicted and sentenced.

---

**3.** Females sentenced or committed to a reformatory were incarcerated in institutions outside the state until a separate institution for women

was completed in 1968. *See* § 105–3–5, 4 C.R.S. (1953) and Colo. Dept. of Corrections, Annual Report 55 (1983).

S.B. 169, sec. 15, 1889 Colo.Sess.Laws at 421. An offender sentenced to the reformatory was released when the Board of Penitentiary Commissioners determined that there was a "strong or reasonable probability that any prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society." S.B. 169, sec. 26, 1889 Colo.Sess.Laws at 425–26. In contrast, a felony offender sentenced to the state penitentiary could not be discharged until he had served his full term. Ch. LXXVII, sec. 2029, 1877 Colo.Gen.Laws 684, 689–90.

### B.

The foregoing statutory scheme for sentencing felony offenders to the penitentiary, misdemeanor offenders to the county jail, and youthful offenders, at the discretion of the judge, to the reformatory remained in effect with only minor alterations through 1971.[4] Since then, Colorado's sentencing scheme has undergone frequent legislative revisions in an effort to devise a system responsive to the needs of society and the various types of offenders coming before the court.[5] In addition, since 1977 there has been an extensive reorganization and expansion of the state correctional system.[6] Today, a felony offender twenty-one years of age or older is sentenced to the custody of the executive director of the department of corrections for a definite term of imprisonment in accordance with a statutory presumptive scheme applicable to five classes of felonies. § 16–11–304, 8A C.R.S. (1986); § 18–1–105, 8B C.R.S. (1986).[7] The executive director then determines the appropriate facility for the period of confinement. §§ 16–11–301(1), –308, 8A C.R.S. (1986). Under the present statutory scheme, the state penitentiary, which is now designated as "the correctional facilities at Canon City," § 17–20–101, 8A C.R.S. (1986), is only one of many state penal institutions administered by the department of corrections and is reserved for the imprisonment of felony offenders.[8]

4. *See, e.g.,* § 39–10–19, 3 C.R.S. (1963) (where no penalty fixed in statute, punishment for felony served in penitentiary and punishment for misdemeanor served in county jail); § 39–10–1, 3 C.R.S. (1963) (providing for discretionary sentencing of persons over 16 to reformatory if convicted of a felony or of persons 16 years of age or older but under 21 years to the reformatory if convicted of a misdemeanor).

5. *See* Ch. 121, sec. 1 §§ 40–1–102 to –106, 1971 Colo.Sess.Laws 388, 388–90; Ch. 44, sec. 4–5, §§ 40–1–105, –109, 1972 Colo.Sess.Laws 190, 267–68; Ch. 102, sec. 26, § 40–1–105, 1974 Colo. Sess.Laws 401, 409; Ch. 93 sec. 1–7, §§ 16–11–101 to 16–13–101, §§ 18–1–105 to –409, 1976 Colo.Sess.Laws 545, 545–49; Ch. 216, sec. 1–15, §§ 16–11–302 to –310, § 18–1–105, 1977 Colo. Sess.Laws 861, 864–68; Ch. 157, sec. 1–21, §§ 16–11–101 to –310, §§ 18–1–102.5 to –108, 1979 Colo.Sess.Laws 664, 664–71; Ch. 209, sec. 1, §§ 17–41–101 to –103, Ch. 210, sec. 1, § 18–1–105(7), Ch. 211, sec. 1–2, § 18–1–105(7), § 16–11–309, Ch. 212, sec. 1, § 18–1–105(8), 1981 Colo.Sess.Laws 967, 967–72; Ch. 74, sec. 1–2, §§ 17–27–105, –114, 1982 Colo.Sess.Laws 311–12; Ch. 124, sec. 5, § 18–1–105, 1984 Colo.Sess. Laws 511, 513; Ch. 145, sec. 1, 6, § 16–11–309, § 18–1–105, Ch. 146, sec. 6, § 18–1–109, 1985 Colo.Sess.Laws 647, 647–48, 653–54, 657–58; Ch. 136, sec. 1–2, § 18–1–105, 1986 Colo.Sess.Laws 769, 769.

6. *See* Ch. 223, sec. 1–41, § 8–11–109 to § 37–88–106, 1977 Colo.Sess.Laws 901, 901–58; Ch. 160, sec. 1–90, § 11–53–103 to § 19–8–104, Ch. 161, sec. 1–3, § 17–24–106 to § 24–75–203, Ch. 162, sec. 1–2, § 17–24–106.5, Ch. 163, sec. 1–2, § 17–24–118, Ch. 164, sec. 1–9, § 17–24–118, 1979 Colo.Sess.Laws 678, 678–720.

7. The legislature has provided for the imposition of terms greater or lesser than the presumptive ranges in the presence of certain aggravating or mitigating circumstances. § 18–1–105(6), (7), (9), 8B C.R.S. (1986). It has also mandated the imposition of sentences above the presumptive range for certain types of crimes or offenders. *See* § 16–11–309, 8A C.R.S. (1986) (mandatory sentences for violent crimes); § 16–13–101, 8A C.R.S. (1986) (punishment for habitual criminals). An exception to the general rule of definite terms is made for sex offenders, who may be committed to the custody of the department of corrections for an indeterminate term having a minimum of one day and a maximum of life. § 16–13–203, 8A C.R.S. (1986).

8. Within the city limits of Canon City is the Colorado Territorial Correctional Facility (the original penitentiary), which houses the Reception and Diagnostic Center where all inmates sentenced to the custody of the department of corrections are initially received and tested, the Infirmary, and Cellhouse 3. In the Canon City area, the department maintains Centennial Correctional Facility, Shadow Mountain Correctional Facility, Fremont Correctional Facility, Colorado Women's Correctional Facility, and Sky-

The present sentencing scheme for misdemeanor offenders twenty-one years of age or older has not undergone such comparable modifications. There are three classes of misdemeanors for which varying penalties are authorized. § 18–1–106, 8B C.R.S. (1986). The term of imprisonment for a misdemeanor is served in the county jail. *See* § 18–1–109, 8B C.R.S. (1986) (where no penalty is specified for a misdemeanor offense, punishment shall be imprisonment in county jail for not more than one year, a fine of not more than $1,000, or both imprisonment and fine); *see also Godding*, 55 Colo. at 583, 136 P. at 1012; *Brooks*, 14 Colo. at 414, 24 P. at 553. Each county remains responsible for maintaining a jail to confine persons lawfully committed to a term of imprisonment. § 17–26–101, 8A C.R.S. (1986).

Youthful felony offenders under twenty-one years of age are treated as adults, in that they are sentenced to the custody of the executive director of the department of corrections for a definite term and are then placed in an appropriate facility as determined by the executive director. §§ 16–11–301, –304, 8A C.R.S. (1986). The legislature, however, has continued to treat misdemeanor offenders under twenty-one years of age differently from youthful felony offenders even though the Colorado State Reformatory no longer exists as a distinct institution for the young. *See* §§ 17–22–101 to –109, 8A C.R.S. (1986). Section 16–11–301(2), 8A C.R.S. (1986), authorizes a court to sentence a youthful misdemeanor offender sixteen years of age or older but under the age of twenty-one years to a correctional facility other than the correctional facilities at Canon City when, in the opinion of the court, rehabilitation of the offender can best be obtained by such a sentence and the interests of the public and the ends of justice would thereby be served. Such sentences do not carry a minimum term, but the maximum term may not exceed the maximum period of incarceration provided for the misdemeanor offense and the offender so sentenced is

entitled to the same credits as if he were sentenced to a term of imprisonment for the commission of a felony. § 16–11–302.5, 8A C.R.S. (1986). This special provision for youthful misdemeanor offenders provides them with an opportunity for reformation and an incentive for early release.

### C.

Against this historical backdrop, we turn to the specific statutory language by which we must evaluate the propriety of the sentences in this case. Section 16–11–301(1), 8A C.R.S. (1986), states as follows:

> As a general rule, imprisonment for the conviction of a felony by an adult offender shall be served by confinement in an appropriate facility as determined by the executive director of the department of corrections. In such cases, the court will sentence the offender to the custody of the executive director of the department of corrections.

When an offender has been committed to the department of corrections under several convictions with separate sentences, section 17–22.5–101, 8A C.R.S. (1986), requires the department to construe all sentences "as one continuous sentence." However, section 18–1–106, 8B C.R.S. (1986), is quite clear in stating that "[n]o term of imprisonment for conviction of a misdemeanor shall be served in the correctional facilities at Canon City unless served concurrently with a term for conviction of a felony." As previously noted, section 16–11–301(2), 8A C.R.S. (1986), authorizes a court to sentence a youthful misdemeanor offender, who is sixteen years of age or older but under the age of twenty-one years, to a correctional facility other than the correctional facilities at Canon City. Supplementing this provision is section 16–11–302.5, 8A C.R.S. (1986), which states:

> Courts sentencing any person for the commission of a misdemeanor to the custody of the executive director of the department of corrections shall not fix a minimum term but may fix a maximum

line Correctional Facility. The state reformatory is now operated as the Buena Vista Correctional Facility. Several other correctional centers are located in different areas of the state. *See* Colo. Dept. of Corrections, Annual Report 1, 52–55 (1983).

term less than the maximum provided by law for the offense. The persons so sentenced shall be imprisoned, released under parole, and discharged as provided by other applicable statutes. No person sentenced to a correctional facility for the commission of a misdemeanor shall be subjected to imprisonment for a term exceeding the maximum term provided by the statute fixing the maximum length of the sentence for the crime of which he was convicted and for which he was sentenced. A person sentenced to a term of imprisonment for the commission of a misdemeanor shall be entitled to the same time credits as if he were sentenced to a term of imprisonment for the commission of a felony. No person committed as a delinquent child shall be imprisoned for a term exceeding two years, except as otherwise provided for aggravated juvenile offenders in section 19–3–113.2, C.R.S.

### III.

In each of these cases the district court sentenced the defendant to the department of corrections for a misdemeanor conviction and ordered that the misdemeanor sentence be served consecutively to a previously imposed felony sentence. In so doing, the court acknowledged that Colorado's statutory sentencing scheme did not expressly authorize the court to sentence an adult misdemeanor offender twenty-one years of age or older to the department of corrections. The court, nonetheless, was of the view that section 18–1–106, 8B C.R.S. (1986), while prohibiting the service of a sentence for a misdemeanor conviction in the correctional facilities at Canon City unless the sentence is served concurrently with the term for a felony conviction, implicitly permitted the executive director of the department of corrections to transfer the offender to some other state correctional facility upon the expiration of the underlying felony sentence. The district court erred in so ruling.

 Legislative intent is the focal point for our resolution of this case. *E.g.*, *People v. Lee*, 180 Colo. 376, 506 P.2d 136

(1973). In ascertaining that intent, we cannot ignore the state of the law preexisting the statute, *e.g.*, *Schubert v. People*, 698 P.2d 788, 793 (Colo.1985), for it must be presumed that the legislature acted with an awareness of prior decisional law on the subject matter under inquiry. *E.g.*, *Thompson v. People*, 181 Colo. 194, 200, 510 P.2d 311, 313 (1973). Furthermore, any ambiguous statutory terminology should be analyzed with full regard for the results of a particular construction on the policy and purpose manifested in the statutory scheme. *See Ingram v. Cooper*, 698 P.2d 1314 (Colo.1985); *Krieg v. Prudential Property & Casualty Insurance Co.*, 686 P.2d 1331 (Colo.1984); *Van Gerpen v. Peterson*, 620 P.2d 714 (Colo.1980); *see also* 2A Sutherland Statutory Construction § 45.12 (C. Sands 4th ed. 1984 rev.).

Section 18–1–106, 8B C.R.S. (1986), expressly prohibits the service of a misdemeanor sentence in the correctional facilities at Canon City unless "served concurrently with a term for conviction of a felony." The statutory exception relating to concurrent misdemeanor sentences is clearly designed for the benefit of the convicted felony offender already sentenced to the department of corrections for service of the felony sentence. The statute authorizes a sentencing court to relieve the offender of the burden of serving a consecutive county jail sentence on a misdemeanor conviction by making the misdemeanor sentence concurrent with the felony sentence. Section 18–1–106, however, goes no further than that. There is simply no basis to infer from the text of the statute that the legislature intended to authorize a court to sentence an adult misdemeanor offender to the department of corrections for service of a consecutive sentence in some state correctional facility other than Canon City. Indeed, in light of the clear line of decisional law holding that unless otherwise authorized by statute a misdemeanor sentence is to be served in the county jail, *Godding*, 55 Colo. at 583–86, 136 P. at 1012–13; *Brooks*, 14 Colo. at 414, 24 P. at 553, we must assume that any legislative decision to change these rulings by authorizing a consecutive misdemeanor sentence to the de-

partment of corrections would not have been left to inference.

Although, as the district court noted, the department of corrections must construe several separate sentences as one continuous sentence, § 17–22.5–101, 8A C.R.S. (1986), and sentencing an adult misdemeanor offender to the department of corrections for a term consecutive to a previously imposed felony sentence would permit a continuous rehabilitation program under the supervision of the department of corrections without the necessity of paroling the defendants to a separate institution for service of a misdemeanor sentence, these considerations are of passing interest only and will not support a sentence that is nowhere authorized by the statutory scheme. We find nothing in the text of section 18–1–106 to support the sentences imposed in this case.

We are similarly at a loss to find support for the sentences in question in any other sections of the statutory sentencing scheme. While section 16–11–302.5, 8A C.R.S. (1986), which addresses the duration and time credits for misdemeanor sentences to the department of corrections, does not expressly limit its terms to youthful offenders, we have no hesitation in concluding that the legislature intended this section as a supplement to section 16–11–301(2), 8A C.R.S. (1986). That section expressly authorizes a court to sentence a misdemeanor offender sixteen years of age or older but under the age of twenty-one to a correctional facility other than the correctional facilities at Canon City "if, in the opinion of the court, rehabilitation of the person convicted can best be obtained by such a sentence, and if it also appears to the court that the best interests of the person and of the public and of the ends of justice would thereby be served."

The purpose of section 16–11–302.5 is to provide the department of corrections with directions on the manner of computing sentences imposed on youthful offenders pursuant to section 16–11–301(2). There is nothing in the statutory text of section 16–11–301(2) or section 16–11–302.5 to suggest that the legislature intended to depart from the general rule that adult misdemeanor offenders who are twenty-one years of age or older at the time of sentencing should be sentenced to the county jail when such offenders are not already under a sentence to the department of corrections. Section 16–11–302.5, in our view, represents nothing more than an updated version of the previously existing statutory authority for the sentencing of youthful offenders to the reformatory at Buena Vista, Colorado. Since the present statutory scheme no longer uses the terms "penitentiary" and "reformatory," the legislature employed the phrase "other than the correctional facilities at Canon City" in section 16–11–301(2) to indicate that youthful misdemeanor offenders who are sixteen years of age or over but under twenty-one years should not be sentenced to the facilities at Canon City, which traditionally have been reserved for felony offenders.[9]

The practical consequences of the district court's interpretation of the present sentencing scheme to authorize the sentences in issue cannot be ignored. If the consecu-

---

9. Our reading of section 16–11–302.5, 8A C.R.S. (1986), is supported by legislative history. Section 16–11–302.5 as originally enacted in 1979 was titled "Duration of sentences to reformatory" and referred to sentences "to the Colorado state reformatory for the commission of a misdemeanor." Ch. 157, sec. 4, § 16–11–302.5, 1979 Colo.Sess.Laws 664, 665. The only statute then in effect which authorized sentences to the state reformatory for misdemeanor offenses was section 16–11–301(2), 8 C.R.S. (1978), which permitted such sentences for persons 16 years of age or older but under 21 years. Section 16–11–302.5 was again amended during the 1979 legislative session, along with section 16–11–301(2). In section 16–11–301(2), the phrase "a correc- tional facility other than the correctional facilities at Canon City" was substituted for the phrase "Colorado state reformatory." Ch. 160, sec. 6, § 16–11–301(2), 1979 Colo.Sess.Laws 678, 680. Section 16–11–302.5 was simultaneously amended by substituting the phrase "a correctional facility for the commission of a misdemeanor" for the phrase "Colorado state reformatory." Ch. 160, sec. 8, § 16–11–302.5, 1979 Colo.Sess.Laws 678, 680. The legislative history surrounding sections 16–11–301(2) and 16–11–302.5 demonstrate that section 16–11–302.5 was interrelated with section 16–11–301(2) and was not intended to broaden the class of misdemeanor offenders eligible for sentencing to the department of corrections.

tive misdemeanor sentences in these cases are permissible, there is no reason why a court should not be able to sentence an adult misdemeanor offender to a state correctional facility even when the offender does not have an outstanding felony sentence to serve in one of the correctional facilities of the department. Such a construction would quickly transform the state department of corrections into the primary custodian of all sentenced misdemeanor offenders in the state, with county jails serving as pretrial detention centers only—a result in derogation of the long-standing legislative policy of the state. § 17–26–101, 8A C.R.S. (1986); *see Godding,* 55 Colo. at 583, 136 P. at 1012; *Brooks,* 14 Colo. at 414, 214 P. at 553. We find no basis in either the text or structure of the present sentencing laws for the district court's interpretation of its sentencing authority in these cases.

The present statutory scheme permits a court to sentence a misdemeanor offender to the custody of the department of corrections only in two cases: when the offender is sixteen years or older but under twenty-one years, or when the misdemeanor offender has already been sentenced to the department of corrections for a felony conviction and the misdemeanor sentence is made expressly concurrent with the felony sentence. Sentencing misdemeanor offenders sixteen years of age or older but under twenty-one years to the department is clearly authorized by the provisions of sections 16–11–301(2) and 16–11–302.5. Sentencing adult misdemeanor offenders to the department to serve a concurrent sentence is implicitly contemplated by section 18–1–106, which permits the service of a misdemeanor sentence in the correctional facilities at Canon City when served concurrently with a felony sentence. Obviously, if the adult offender can serve a misdemeanor sentence concurrently with a felony sentence at the maximum security facilities at Canon City, there is no reason to prohibit the offender from serving a misdemeanor sentence concurrently with a felony sentence at a less secure facility under the control of the department, at least up until that point in time at which the term of the felony sentence expires. Since the depart-

ment would lose custody of the offender upon the expiration of the underlying felony sentence, the department at that time should transfer the offender to the county where the misdemeanor sentence originated for service of the unexpired term of the misdemeanor sentence at the county jail.

Issues relating to the extent of punishment and the place of confinement for various classes of offenders are generally matters for the legislature, not the courts, to resolve. *E.g., People v. District Court,* 673 P.2d 991 (1983); *People ex rel. Gallagher v. District Court,* 632 P.2d 1009 (Colo. 1981); *Walker v. People,* 126 Colo. 135, 248 P.2d 287 (1952). In the absence of specific statutory authority authorizing a court to sentence an adult misdemeanor offender twenty-one years of age or older to the department of corrections for a term consecutive to a previously imposed felony sentence, any consecutive sentence imposed on such offender for a misdemeanor conviction must be served in the county jail. *See Godding,* 55 Colo. 579, 136 P. 1011; *Brooks,* 14 Colo. 413, 24 P. 553.

We therefore reverse the sentences to the department of corrections and remand these cases to the district court for further proceedings not inconsistent with the views herein expressed.