The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Lawrence MYERS, Defendant–Appellant.

No. 99CA1379.

Colorado Court of Appeals,
Div. II.

Aug. 16, 2001.

Rehearing Denied Nov. 1, 2001.

Certiorari Denied April 29, 2002.

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Co, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Lawrence Myers, appeals the sentence imposed following his guilty plea to sexual assault on a child as part of a pattern of abuse. We affirm in part, reverse in part, and remand with directions.

Defendant's conviction stems from his sexual assault on his step-daughter by forcing her to have sexual intercourse with him two or three times each week for more than four years. The victim was between nine and thirteen years old when the assaults occurred.

Pursuant to a plea agreement, defendant pleaded guilty to sexual assault on a child as part of a pattern of abuse, and the prosecution agreed to dismiss the remaining charges. In addition, the parties agreed that defendant would be sentenced to between ten and sixteen years in prison.

Defendant was thereafter sentenced to a sixteen-year prison term. The trial court indicated at the sentencing hearing and on the mittimus that defendant would also be required to serve a mandatory parole period not to exceed sixteen years.

## I.

On appeal, defendant first contends that the trial court abused its discretion by sentencing him to the maximum allowable sentence in the presumptive range. More specifically, he maintains that the trial court overemphasized the nature of the offense and did not give sufficient consideration to arguably mitigating factors. We find no abuse of discretion by the trial court.

Here, as previously noted, the parties agreed that defendant would be sentenced to between ten and sixteen years in prison, which is the presumptive range of sentences applicable to defendant's offense. *See*

§§ 16–11–309, 18–1–105(1)(a)(V)(A), 18–1–105(9.7)(b)(1)(V), 18–3–405(3)(b), C.R.S.2000.

Sentencing is by its very nature a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. *People v. Fuller,* 791 P.2d 702 (Colo.1990). Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. The court may not place undue emphasis on any one of these factors to the exclusion of the others. *People v. Piro,* 701 P.2d 878 (Colo.App.1985).

The fact that a sentencing court finds aggravating factors to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation. *People v. Hernandez–Luis,* 879 P.2d 429 (Colo.App.1994). Indeed, the circumstances of a crime alone may justify the imposition of a lengthy sentence. *People v. Vigil,* 718 P.2d 496 (Colo.1986). And, a lengthy sentence may be justified even in the absence of a prior criminal record when the offense is particularly egregious. *People v. Mattas,* 645 P.2d 254 (Colo.1982).

Here, contrary to defendant's assertion, the record reflects that the sentencing court considered his evidence in mitigation, including his military service, employment history, and lack of a criminal record. Indeed, the court expressly acknowledged these mitigating factors in its findings at the conclusion of the sentencing hearing.

However, the court also considered the serious nature of the offense, the fact that defendant forced the victim to have sexual intercourse with him "a hundred times or more," the length of time over which the

abuse occurred, defendant's repeated threats to kill the victim and himself if she reported the assaults, the victim's age, and the impact of the crime on the victim and her mother. In its findings, the court indicated that the aggravating evidence was more compelling than defendant's evidence in mitigation and concluded that the sentence was justified primarily by the nature of the offense and its continuing effect on the victim.

We find no abuse of discretion in the sentence imposed. It is within the range required by law, based on appropriate considerations as reflected in the record, and factually supported by the circumstances of the case. *See People v. Fuller, supra.*

## II.

Defendant also contends that he is subject to discretionary, not mandatory parole, and that the trial court thus erred by imposing as part of his sentence a mandatory period of parole not to exceed sixteen years. We agree.

The supreme court's recent decisions in *Martin v. People,* 27 P.3d 846 (Colo.2001), and *People v. Cooper,* 27 P.3d 348 (Colo. 2001), are dispositive of defendant's claims.

In *Martin* and *Cooper,* the court recognized that the mandatory parole provisions of § 18–1–105(1)(a)(V)(A), C.R.S.2000, generally apply to offenses committed on or after July 1, 1993. However, in each case, the court held that a person convicted of a sex offense is subject to the more specific provisions of § 17–2–201(5), C.R.S.2000. The date of defendant's offense determines which subsection of that statute is applicable.

In *Martin,* the court held that a person convicted of a sex offense committed after July 1, 1993, but before July 1, 1996, is subject to a period of discretionary parole pursuant to § 17–2–201(5)(a), C.R.S.2000, which vests the parole board with the sole discretionary authority to grant or deny parole to sex offenders and to set the length of the parole term. Under that statute, the length of any discretionary parole period granted by the parole board may not exceed the unserved remainder of the maximum sen-

tence imposed by the court or five years, whichever is less. *Martin v. People, supra.*

In *Cooper,* the supreme court held that a person convicted of a sex offense committed between July 1, 1996, and November 1, 1998, is subject to a period of discretionary parole pursuant to § 17–2–201(5)(a.5), C.R.S.2000. Under that statute, the parole board is vested with the sole discretionary authority to grant or deny parole to sex offenders and to set the length of the parole term, but in no event may the term of parole exceed the undischarged portion of the maximum sentence imposed by the court. *People v. Cooper, supra.*

Thus, the length of any discretionary parole granted under § 17–2–201(5)(a.5), is not subject to the five-year cap that limits parole granted under § 17–2–210(5)(a). *People v. Cooper, supra.*

■ Here, the mittimus indicates that defendant's offense was committed between January 1, 1994, and July 6, 1998, a period to which both §§ 17–2–201(5)(a) and 17–2–201(5)(a.5) apply. Accordingly, defendant is subject to discretionary, rather than mandatory parole. *See Martin v. People, supra; People v. Cooper, supra.*

Because defendant's crime was committed during a period covered by both statutes, we must next determine which subsection governs the length and terms of any discretionary parole period defendant is granted by the parole board.

■■ A crime "is not committed until all the elements are complete." *People v. Flagg,* 18 P.3d 792, 794 (Colo.App.2000). Here, by pleading guilty, defendant admitted that he sexually assaulted the victim for a period up to and including July 6, 1998, the last date alleged in the charge. Accordingly, we must conclude that the elements of the crime were not complete, and the crime was not committed, until July 6, 1998.

Therefore, if the parole board releases defendant to a period of discretionary parole when he has more than five years of his prison sentence remaining, the length of the parole period may be up to the full amount of the unserved portion of his sentence and would not be subject to the five-year cap.

See *People v. Cooper, supra; see also People v. Flagg, supra* (defendant was properly required to serve mandatory period of parole because, by pleading guilty, he admitted that the charged crime occurred between two dates, one of which was after the effective date of the mandatory parole statute); *cf. People v. Glover,* 893 P.2d 1311, 1315 (Colo. 1995)(when a conviction must be vacated as duplicative, the trial court should select the "combination of offenses that produce[s] the most convictions and the longest sentences in order to maximize the effect of the juries' verdicts").

The sentence is reversed as to the imposition of mandatory parole and is affirmed in all other respects. The case is remanded to the trial court with directions to issue an amended mittimus reflecting that defendant is subject to discretionary parole pursuant to § 17–2–201(5)(a.5).

Judge PLANK and Judge NEY concur.