The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Arthur Lewis FORD, Defendant–
Appellant.

No. 08CA1925.

Colorado Court of Appeals,
Div. IV.

Dec. 10, 2009.

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

GarciaLaw, LLC, J. Alberto Garcia, Broomfield, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

This appeal presents a question concerning the effect of a guilty plea. After he pled guilty, defendant, Arthur Lewis Ford, filed a postconviction motion alleging that the statute upon which his conviction was based violated his equal protection rights as applied to him. The trial court denied his motion, and he appealed.

We conclude that, based on the record before us, defendant's guilty plea bars the as-applied equal protection challenge. Therefore, we dismiss his appeal.

## I. Background

In December 2007, the prosecution charged defendant with identity theft, theft, and habitual criminal counts. As part of a negotiated plea agreement, defendant pled guilty to one count of identity theft under subsections 18-5-902(1)(a) and (f), C.R.S. 2009, in exchange for dismissal of the other charges. The parties stipulated to a sentencing range of three to six years in the custody of the Department of Corrections, and the trial court sentenced defendant to six years imprisonment.

The record does not contain a transcript of the court's advisement, and defendant's responses, when he entered his guilty plea. However, defendant initialed and signed a written plea agreement, which included an advisement of his rights. One subsection in the advisement of rights pertains to appellate rights. It contains this sentence: "The only thing I can appeal once I plead guilty is an illegal sentence later imposed by the judge."

The written plea agreement is accompanied by a certificate signed by defendant's attorney. The certificate contains this sentence:

It is my professional opinion that the Defendant is entering into this plea agreement freely and voluntarily with a full understanding of his legal rights, the legal and factual issues of his case, and the consequences of his decision.

Defendant subsequently filed a motion for postconviction relief under Crim. P. 35(c). There, for the first time, he claimed that the identity theft statute underlying his conviction violated his equal protection rights. In a written order, the trial court upheld the constitutionality of the statute.

On appeal, the prosecution contends that defendant's guilty plea bars him from raising an equal protection challenge to his conviction. Because defendant has raised an as-applied challenge, we agree.

## II. Effect of Guilty Pleas

### A. General Principles

■■■ The general rule is that a valid guilty plea renders irrelevant all claims that a defendant's constitutional rights have been violated. As the Supreme Court noted in *Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975):

[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply *renders irrelevant* those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.

(Emphasis supplied.) *See also Lefkowitz v. Newsome,* 420 U.S. 283, 288–92, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975)("traditional guilty pleas" do not preserve constitutional issues for appellate review); *People v. Neuhaus,* —— P.3d ——, —— (Colo.App. No. 07CA0896, Nov. 25, 2009) (guilty pleas in Colorado are "traditional guilty pleas"). As a result, a defendant has no right to raise a constitutional claim after pleading guilty unless the claim relates directly to the adequacy of the plea. *People v. Isham,* 923 P.2d 190, 195 (Colo.App.1995).

■■■ One exception to the general rule occurs when there is a jurisdictional defect in the charge, meaning that the court lacks the power to hale the defendant into court in the first instance. *Menna,* 423 U.S. at 62, 96 S.Ct. 241; *Blackledge v. Perry,* 417 U.S. 21, 30–31, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In *Menna* and *Blackledge,* this meant that

the defendants were able to raise postconviction collateral attacks based on allegations that their guilty pleas violated the Double Jeopardy Clause, because "[t] he very initiation of the proceedings" against them "operated to deny [them] due process of law." *Blackledge*, 417 U.S. at 30–31, 94 S.Ct. 2098; *see also People v. Sandreschi*, 849 P.2d 873, 876 (Colo.App.1992).

However, the exception to precluding those defendants who have pled guilty from raising constitutional challenges has been narrowly construed. Courts have indicated that postconviction collateral attacks on the constitutionality of statutes that form the basis for the conviction are to be based on the *facial* invalidity of the statutes in order to implicate the exception. For example, in *United States v. Broce*, 488 U.S. 563, 575, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the United States Supreme Court emphasized and discussed a footnote from *Menna*. The footnote stated:

> We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—*judged on its face*—the charge is one which the State may not constitutionally prosecute.

*Menna*, 423 U.S. at 63 n. 2, 96 S.Ct. 241 (emphasis supplied in *Broce*, 488 U.S. at 575, 109 S.Ct. 757).

The Court noted in *Broce* that the constitutional infirmities in *Menna* and *Blackledge* were in the "State's power to bring any indictment at all." *Broce*, 488 U.S. at 575, 109 S.Ct. 757. In *Broce*, the double jeopardy claim could not be proved by relying on the indictments and the existing record at the time of the plea. Hence, nothing contained in the record or law called into question the trial court's jurisdiction, and the Court concluded that the double jeopardy claim had been foreclosed by the guilty plea. *Id.* at 576, 109 S.Ct. 757.

Subsequently, other courts have reached similar results. For example, several courts have stated that, although a guilty plea does not bar a subsequent facial constitutional challenge to the statute upon which a conviction is based, guilty pleas prevent defendants from raising as-applied challenges. *United*

*States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir.2000) ("No court has applied the exception to a claim ... that a statute is unconstitutional as applied."); *United States v. Johnston*, 199 F.3d 1015, 1019 n. 3 (9th Cir.1999) ("this circuit has held that [jurisdictional] claims are limited to claims that the statute is facially unconstitutional"); *United States v. Johnson*, 194 F.3d 657, 659 (5th Cir.1999) (guilty plea barred subsequent as-applied challenge), *vacated on other grounds and remanded*, 530 U.S. 1201, 120 S.Ct. 2193, 147 L.Ed.2d 230 (2000), *and reinstated with modification*, 246 F.3d 749 (5th Cir.2001); *State v. Andrews*, 730 N.W.2d 416, 419 (S.D. 2007)("[W]hile a guilty plea waives a claim that a statute is unconstitutional as applied, it does not waive a claim that a statute is facially unconstitutional."); *State v. Robinson*, 618 N.W.2d 306, 311–12 (Iowa 2000) (a guilty plea waives the argument that a statute is vague as applied); *see also United States v. Cortez*, 973 F.2d 764, 766–67 (9th Cir.1992) (selective prosecution claim failed because it could not be resolved from the face of the indictment).

After recognizing the principles articulated in *Broce*, *Menna*, and *Blackledge*, our supreme court applied them to conclude that "a guilty plea does not waive a valid double jeopardy claim of being punished twice for the same offense." *Patton v. People*, 35 P.3d 124, 132 (Colo.2001). To determine whether the Double Jeopardy Clause prevented the defendant's conviction, the supreme court looked at the record in existence at the time of the guilty plea to determine whether the conviction, on its face, was one that the prosecution could constitutionally pursue. *Id.* This inquiry was limited to "the structure of the information and guilty plea at the time of the providency hearing," and excluded any analysis of "the facts underlying the guilty plea or ... statements made at the sentencing hearing." *Id.* at 133.

### B. Application of General Principles

There is no indication in the record that defendant raised his equal protection challenge before he pled guilty. Further, defendant's guilty plea was clearly a traditional guilty plea under *Lefkowitz* and *Neuhaus*.

Likewise, the written plea agreement does not suggest that defendant reserved the right to appeal any issues, let alone the one he raises here. To the contrary, it states that defendant waived the right to appeal any issues other than an allegation that his sentence was illegal. Therefore, we must determine whether defendant's equal protection argument pertains to a jurisdictional defect in the charge.

■ Outside the First Amendment context, a facial challenge alleges that there are no circumstances to which a statute can be applied constitutionally. In contrast, an as-applied challenge alleges that the statute is unconstitutional as to the specific circumstances under which a defendant acted. *See Sanger v. Dennis,* 148 P.3d 404, 410–11 (Colo.App.2006).

The fulcrum of defendant's argument is a comparison of the identity theft statute with the statute prohibiting unauthorized use of a financial transaction device, section 18–5–702, C.R.S.2009. Defendant contends that his equal protection rights were violated because he employed a debit card to commit identity theft, and, therefore, the elements of the version of identity theft to which he pled guilty are identical to the elements of unauthorized use of a financial transaction device. *See People v. Stewart,* 55 P.3d 107, 114 (Colo. 2002)("[W]e have consistently held that if a criminal statute pr[e]scribes different penalties for identical conduct, a person convicted under the harsher penalty is denied equal protection unless there are reasonable differences or distinctions between the proscribed behavior[s].").

Defendant does not, therefore, argue that the identity theft statute is unconstitutional in all its applications. Rather, he alleges that it is unconstitutional as applied to him because he used a debit card to commit the crime.

■ We conclude, for two interrelated reasons, that defendant's guilty plea bars him from raising this argument in postconviction proceedings.

■ First, we are convinced by the authority cited above, including decisions rendered by the United States Supreme Court, such as *Broce,* and our supreme court, such as *Patton,* that guilty pleas generally bar postconviction as-applied equal protection challenges. Therefore, we apply this authority here because defendant raises an as-applied equal protection challenge, not a facial challenge.

Second, as indicated in *Broce* and *Patton,* defendant's claim cannot be resolved by looking to the "structure of the information and guilty plea at the time of the providency hearing." *Patton,* 35 P.3d at 133. The count of the information to which defendant pled guilty alleges that he committed identity theft in general statutory language:

> Between and including December 02, 2007 and December 16, 2007, [defendant] unlawfully, feloniously, and knowingly used or attempted to use the personal identifying information, financial identifying information, or financial device of [the victim] without permission or lawful authority to obtain cash, credit, property, services, or any other thing of value to make a financial payment; in violation of section 18–5–902(1)(a), (f), C.R.S.

There is no specific indication in the information that defendant used or attempted to use a financial transaction device, such as a debit card, as opposed to using or attempting to use personal identifying information or financial identifying information. Because the charge was general in nature, the only way to determine whether defendant used a debit card is to look to "the facts underlying the guilty plea or . . . statements made at the sentencing hearing." *Patton,* 35 P.3d at 133. Because defendant's challenge requires us to consult the facts underlying the plea, it does not fall within the exceptions to the general rule that guilty pleas bar the right to raise constitutional questions.

Defendant cites *People v. Owen,* 122 P.3d 1006, 1008 (Colo.App.2005), for the general proposition a guilty plea does not bar issues relating to the "unconstitutionality of the statute defining the crime." Although this is an accurate quotation, there are three reasons why we do not believe that *Owen* concluded that constitutional as-applied challenges can be raised after guilty pleas.

First, such a conclusion would be contrary to *Patton.* The division in *Owen* cited *Patton,* leading us to conclude that the division was aware of the distinction between facial and as-applied challenges that *Patton* recognized. Second, the issue in *Owen* did not turn on the distinction between facial and as-applied challenges. Third, *Owen* cited *Johnston,* 199 F.3d at 1019 n. 3, with approval, which states that "this circuit has held that [jurisdictional] claims are limited to claims that the statute is facially unconstitutional."

Because defendant does not raise a post-conviction issue that qualifies as an exception to the general rule that a guilty plea bars constitutional challenges, we conclude that his appeal must be dismissed. *See Neuhaus,* —— P.3d at —— (division dismissed appeal because it did not have authority to review the defendant's contention).

The appeal is dismissed.

Judge WEBB and Judge ROMÁN concur.