23CA2121 Peo v Page 01-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2121
Adams County District Court No. 12CR910
Honorable Brett Martin, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Sharrieckia Trinette Page,

Defendant-Appellant.

---

ORDER AFFRIMED

Division VI
Opinion by JUDGE MOULTRIE
Brown and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Sharrieckia Trinette Page, Pro Se


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Sharrieckia Trinette Page, appeals the district court's order denying her latest motion for postconviction relief. We affirm.

## I.     Background

¶ 2     In 2012, Page was charged with one count of child abuse resulting in death and one count of first degree murder for causing the death of her infant. Pursuant to a plea agreement, she pled guilty in 2013 to one count of second degree murder, the prosecution dismissed the other charges, and the district court sentenced her to forty-two years in the custody of the Department of Corrections. Page did not directly appeal the judgment or sentence.

¶ 3     Since then, Page has filed numerous Crim. P. 35(c) motions for postconviction relief. She has repeatedly claimed that her plea counsel was ineffective in withdrawing her plea of not guilty by reason of insanity even though formal sanity and competency evaluations found that she was sane at the time of her crime and competent to proceed. The district court denied each motion. Page appealed some of those orders and divisions of this court either dismissed the appeals or affirmed the orders denying postconviction

relief.  *See People v. Page*, (Colo. App. No. 20CA0336, Jan. 21, 2021) (not published pursuant to C.A.R. 35(e)); *People v. Page*, (Colo. App. No. 14CA2233, Dec. 17, 2015) (not published pursuant to C.A.R. 35(f)).

¶ 4      Page filed the motion that is the subject of this appeal in September 2023.  The district court denied it without a hearing, finding that it was both time barred and successive.

II.      Standard of Review and Applicable Law

¶ 5      We review the district court's summary denial of a Crim. P. 35(c) motion de novo.  *See People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010).  "When the motion, the files, and the record clearly establish that the defendant is not entitled to relief, a court may deny a Crim. P. 35(c) motion without a hearing."  *People v. Osorio*, 170 P.3d 796, 799 (Colo. App. 2007).

¶ 6      Crim. P. 35(c) claims must be denied as successive if they were raised and resolved, or could have been presented, in a prior appeal or postconviction proceeding.  *See* Crim. P. 35(c)(3)(VI), (VII); *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) ("Rule 35 proceedings are intended to prevent injustices after conviction and sentencing, not to provide perpetual review.").

¶ 7     Absent allegations of justifiable excuse or excusable neglect in the postconviction motion, constitutional challenges to convictions must be brought within three years of the conviction becoming final.  § 16-5-402(1), C.R.S. 2024; *see also* Crim. P. 35(c)(3)(I).

## III.    Discussion

¶ 8     As best we can discern, Page contends that she was denied due process and received ineffective assistance of counsel because information related to her mental health was either not disclosed or not presented prior to entry of her guilty plea.  We perceive no error in the district court's order denying Page's latest postconviction motion.

¶ 9     Page's claims either were, or could have been, raised in her prior postconviction motions.  Thus, the district court was required to deny them as successive.  *See* Crim. P. 35(c)(3)(VI), (VII); *Rodriguez*, 914 P.2d at 249; *see also Kazadi v. People*, 2012 CO 73, ¶ 17 (a court may deny a Crim. P. 35(c) motion without appointing counsel or conducting a hearing if the motion, the files, and the record clearly establish that the defendant is not entitled to relief).

¶ 10    We note that Crim. P. 35(c)(3)(VI) and (VII) contain exceptions for claims based on evidence that could not have been discovered

previously by the exercise of due diligence. Crim. P. 35(c)(3)(VI)(a), (VII)(b). And, although Page alleges that medical and mental health records were not presented before she pleaded guilty, she raised claims involving those medical records in her 2018 motion to correct an illegal sentence. Thus, the exceptions for undiscovered evidence in Crim. P. 35(c) are inapplicable to Page's most recent motion.

¶ 11 Moreover, Page's latest postconviction motion is also time barred because she filed it more than three years after her conviction became final in 2013 when she pleaded guilty. *See* § 16-5-402(1), C.R.S. 2024; *see also People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006) (for purposes of section 16-5-402 and postconviction review, if there is no direct appeal, a conviction becomes final when the district court enters judgment and sentence is imposed). And, although Page checked a box on her postconviction motion indicating she had justifiable excuse or excusable neglect, she did not allege any facts to support that allegation. *See People v. Hinojos*, 2019 CO 60, ¶ 17 (a Crim. P. 35(c) motion must allege facts that, if true, would establish justifiable excuse or excusable neglect to entitle the moving party to a hearing

4

on the applicability of this exception to the section 16-5-402 time bar); *see also People v. Wiedemer*, 852 P.2d 424, 440 n.15 (Colo. 1993). Accordingly, the district court did not err by denying Page's motion as time barred.

¶ 12 To the extent Page argues that changes in the law in 2023, 2022, and 2017 should be retroactively applied to her, she has not articulated what those changes are or how they apply to her conviction. But, in any event, an appellant is only entitled to retroactive application of a change in the law if the person has directly appealed their conviction and that conviction has not yet been affirmed on appeal. *See* Crim. P. 35(c)(1); § 18-1-410(1)(f)(I)-(II), C.R.S. 2024. Thus, because Page's conviction was final in 2013, before the changes she relies on occurred, she is not entitled to their retroactive application. *See People v. Starkweather*, 159 P.3d 665, 669 (Colo. App. 2006) (when a defendant does not directly appeal their conviction and sentence, the conviction and sentence become "final," for retroactivity purposes, when the time for filing a direct appeal expires).

## IV. Disposition

¶ 13 The order is affirmed.

JUDGE BROWN and JUDGE HAWTHORNE concur.