23CA0813 Peo v Jordan 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0813
Fremont County District Court No. 04CR498
Honorable Lynette M. Wenner, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Ikeen Jordan,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Lipinsky and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

Philip J. Weiser, Attorney General, Melissa D. Allen, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Christopher Ikeen Jordan, Pro Se

¶ 1    Defendant, Christopher Ikeen Jordan, appeals the postconviction court's order denying their Crim. P. 35(a) motion. We affirm.

## I.    Background

¶ 2    In 2006, a jury convicted Jordan of second degree murder, first degree felony murder, two counts of first degree burglary, theft, and two crime of violence counts.  The trial court sentenced Jordan to life in prison without the possibility of parole.

¶ 3    Jordan directly appealed, arguing in part that the trial court erred by denying their motion to dismiss based on a violation of their right to a speedy trial.  A division of this court affirmed but remanded for correction of the mittimus.  *People v. Jordan*, (Colo. App. No. 06CA2393, Aug. 21, 2008) (not published pursuant to C.A.R. 35(f)).  The division concluded that

> the mittimus must be corrected to reflect the trial court's entry of only one conviction for felony murder.  As the trial court correctly recognized at sentencing, the theft conviction merged into the burglary conviction because theft was the underlying substantive crime for the burglary, and both burglary convictions merged into the felony murder conviction.  *See People v. Bartowsheski*, 661 P.2d 235, 245-46 (Colo. 1983).  Additionally, defendant could not be convicted of both first degree murder and

1

> second degree murder because there was only one victim. *See People v. Driggers*, 812 P.2d 702, 703-04 (Colo. App. 1991).

*Id.* at 14. The mandate was issued on December 30, 2008.

¶ 4     On remand, the trial court amended the mittimus to reflect the merger of the counts and that Jordan was convicted of only felony murder.

¶ 5     In February 2011, Jordan filed a Crim. P. 35(c) motion. They alleged, among other things, that their speedy trial rights had been violated. The postconviction court denied the claim as successive. Jordan did not appeal.

¶ 6     In February 2013, Jordan filed a second Crim. P. 35(c) motion, alleging newly discovered evidence supported their "continuing speedy trial issues." The postconviction court denied the motion, in part, as successive. Jordan appealed, and a division of this court affirmed. *People v. Jordan*, (Colo. App. No. 13CA0812, Dec. 3, 2015) (not published pursuant to C.A.R. 35(f)).

¶ 7     In January 2018, Jordan filed a third Crim. P. 35(c) motion, again raising a speedy trial claim. The postconviction court denied the claim as successive. Jordan did not appeal.

¶ 8    In May 2021, Jordan filed a fourth Crim. P. 35(c) motion, this time asserting claims regarding errors in the jury instructions at their trial.  Specifically, they argued that jury instruction number eighteen was confusing to the jury and, consequently, Jordan should be resentenced for second degree murder only "and all other charges/sentences [should] be vacated."  They also argued that the jury did not complete the special interrogatories for all verdicts and, therefore, their sentence was "constitutionally unreasonable, and amount[ed] to both plain and structural error."  The postconviction court denied Jordan's motion as successive, apparently assuming they had raised the same speedy trial issues that they raised in previous postconviction motions.  Jordan did not appeal.

¶ 9    Instead, in January 2023, Jordan filed a Crim. P. 35(a) motion raising similar claims to those asserted in the 2021 Crim. P. 35(c) motion, in addition to several new claims.  They argued that (1) their multiple convictions violated double jeopardy; (2) their sentence to life without parole was unconstitutional under the Eighth Amendment and *Miller v. Alabama*, 567 U.S. 460 (2012); (3) their due process, equal protection, and jury trial rights were violated because jury instruction number eighteen was confusing to

3

the jury and the jury allegedly failed to complete special interrogatories for the verdicts; and (4) their sentence to life without parole was unconstitutional considering recent changes to the felony murder statute. Jordan requested the appointment of counsel and a hearing.

¶ 10 The postconviction court denied Jordan's motion without the appointment of counsel or a hearing. The court found that (1) Jordan's double jeopardy claim was successive under Crim. P. 35(c); (2) *Miller* was not applicable to their case; (3) the jury instruction and special interrogatory claim was successive under Crim. P. 35(c); and (4) the changes to the felony murder statute did not apply to them.

## II. Analysis

¶ 11 On appeal, Jordan contends that the postconviction court erred by denying their 2023 Crim. P. 35(a) motion. We disagree. They reassert two claims in their opening brief: (1) their multiple convictions violated double jeopardy; and (2) the jury instructions were confusing to the jury and the special interrogatories were incomplete, thereby requiring vacatur of their felony murder conviction and resentencing for second degree murder.

4

¶ 12    For the first time in their reply brief, Jordan reasserts their claim regarding amendments to the felony murder statute. However, we do not address claims raised for the first time in a reply brief. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990), *abrogated on other grounds by Rojas v. People*, 2022 CO 8. As to Jordan's remaining claim that their sentence is unconstitutional under *Miller*, Jordan appears to concede that the postconviction court properly denied this claim.

### A.    Standard of Review

¶ 13    We review the summary denial of a postconviction motion de novo, regardless of whether it is a motion under Crim. P. 35(a) or Crim. P. 35(c). *See Magana v. People*, 2022 CO 25, ¶ 33 (legality of a sentence); *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010) (summary denial of a Crim. P. 35(c) motion).

¶ 14    A court shall deny a Crim. P. 35(c) claim as successive if the claim was raised, or could have been raised, in a previous appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI), (VII). The language of the rule "is mandatory rather than permissive." *People v. Taylor*, 2018 COA 175, ¶ 17.

## B. Double Jeopardy

¶ 15    Jordan argues that their sentence is illegal "under Federal double jeopardy analysis" "[b]ecause [they] [were] subjected to dual convictions of murder for a single victim, without vacating the other murder count."

¶ 16    Because Jordan does not claim that their sentence is inconsistent with the statutory scheme but rather claims it violates double jeopardy, their assertion is cognizable under Crim. P. 35(c), not Crim. P. 35(a).  *See* Crim. P. 35(c)(2)(I) (providing postconviction relief from sentences imposed in violation of the Constitution or the laws of the United States or the constitution or laws of Colorado); *People v. Collier*, 151 P.3d 668, 672 (Colo. App. 2006) (a postconviction claim that multiple sentences violated double jeopardy must be brought in a timely Crim. P. 35(c) proceeding).

¶ 17    Because Jordan could have raised this claim in their direct appeal or a prior Crim. P. 35(c) motion but did not, the postconviction court did not err by denying it as successive.

¶ 18    Nonetheless, we conclude that Jordan's claim also fails because they have received the relief they seek.  Jordan claims that "[t]he Sentencing Court did not 'merge' the second degree murder

count into the felony murder count, nor did the Court 'vacate' the conviction for second degree murder either." But on direct appeal, a division of this court agreed with Jordan that the mittimus needed to be corrected to reflect a merger of the second degree murder conviction into the felony murder conviction. And as discussed, the trial court amended the mittimus in accordance with the division's remand order, as is reflected in the record on appeal. This was all that was necessary. Contrary to Jordan's assertion, a merger of the murder convictions did not require "another sentencing hearing."

### C. Jury Instructions and Special Interrogatories

¶ 19    Jordan's claim regarding confusing jury instructions and incomplete special interrogatories is also not cognizable under Crim. P. 35(a), as Jordan does not claim that their sentence is inconsistent with the statutory scheme. *See People v. Rodriguez*, 914 P.2d 230, 254-55 (Colo. 1996) (allegations of error in jury instructions generally do not constitute claims of constitutional error appropriate for postconviction review).

¶ 20    But to the extent Jordan's claim could be construed as a constitutional claim under Crim. P. 35(c), it also fails. Though we

disagree with the prosecution that Jordan's motion was untimely under Crim. P. 35(c) and section 16-5-402(1), C.R.S. 2024 (no time limit to collaterally challenge a class 1 felony), it was properly denied as successive. The postconviction court denied this claim as successive because Jordan could have raised it on direct appeal or in a previous Crim. P. 35(c) motion. Jordan claims that "raising this issue in [their] prior [2021] 35(c) motion, is precisely what Jordan did," but the claim "was never fully and finally litigated." This is so, Jordan argues, because the court mistakenly assumed Jordan was again raising speedy trial issues in their 2021 Crim. P. 35(c) motion and denied the motion on that ground.

¶ 21    It is true that the court never directly addressed Jordan's similar claim from the 2021 Crim. P. 35(c) motion, appearing to have mistaken the claim as another speedy trial challenge. Still, the court did not err by subsequently denying the claim from the 2023 Crim. P. 35(a) motion as successive. Crim. P. 35(c)(3)(VII) states that a court "shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Because Jordan could have

8

brought this claim in their direct appeal but did not, it must be denied as successive.

¶ 22 For these reasons, we conclude that the postconviction court did not err by denying Jordan's 2023 Crim. P. 35(c) motion.

### D. Additional Claim

¶ 23 For the first time in their reply brief, Jordan claims that their sentence is illegal under the Emancipation Proclamation. However, as discussed above, we do not address issues raised for the first time in a reply brief. *See Czemerynski,* 786 P.2d at 1107. Nor do we address issues not raised before the district court in a postconviction motion. *See People v. Cali,* 2020 CO 20, ¶ 34.

### III. Disposition

¶ 24 The order is affirmed.

JUDGE LIPINSKY and JUDGE LUM concur.